**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| REGIONS BANK, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-00904-XR |
| | § | |
| APRIL BOREN CHAIREZ, | § | |
| *Defendant* | § | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On this date, the Court considered Plaintiff Regions Bank's motion for default judgment on its claims for declaratory relief and foreclosure (ECF No. 19). Defendant has not filed a response and the time to do so has expired. After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

On or about April 28, 2005, Rebecca Boren ("Decedent") executed a promissory note ("Note") in the principal amount of $79,900.00, with an interest at 5.6250% per annum, in favor of Union Planters Bank, N.A., d/b/a Regions Mortgage. ECF No. 1 at 3. To secure repayment of the Note, Decedent executed a Deed of Trust ("Deed of Trust," and, together with the Note, the "Loan Agreement") that encumbered the real property located at 263 Hallie Cove, San Antonio, Texas 78227 (the "Property"). *Id.*

On or about August 23, 2024, Decedent executed a Texas Lady Bird Deed, conveying her interest in the Property upon her death to Defendant April Boren Chairez, her sole heir. *Id.* at 3–4. The Decedent died in November 2024. *Id.* at 4. Defendant now holds an undivided interest in the Property that is subject to the Loan debt owed to Regions Bank. *Id.*

The Loan is currently in default, and no payments have been made since September 2024. *See id.* at 4. As of June 2025, the total pay-off amount was $46,762.60. *Id.* This amount may be increased by additional interest, fees, and costs authorized by the Loan Agreement. *Id.* Regions Bank sent a Notice of Default on January 21, 2025 to the Property address. *Id.* Despite this notice and demand, no payment was made, and on June 20, 2025, Regions Bank mailed a Notice of Acceleration of Loan Maturity. *Id.*

On February 11, 2026, Regions Bank filed this action seeking: (1) declaratory relief allowing it to proceed with the nonjudicial foreclosure sale of the property by conducting a public auction (or, in the alternative, judicial foreclosure); (2) enforcement of a statutory lien, giving it an enforceable and superior *in rem* lien against the Property; and (3) attorney's fees. *Id.* at 5–8.

On February 21, 2026, Regions Bank served a copy of the complaint and summons on Chairez's spouse, Pedro Chairez, at her residence, 263 Hallie Cove, San Antonio, Texas 78227. ECF No. 9-1 at 2. Chairez's answer to the complaint was due on or before March 16, 2026, but she has not answered or otherwise appeared in this action. ECF No. 9 at 1. The Clerk entered default on June 11, 2026. ECF No. 8. Regions Bank now moves for default judgment. ECF No. 9.

## DISCUSSION

### I.    Legal Standard

A default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). The Court examines each in turn.

**II.      Analysis**

**A.      Jurisdiction**

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

**1.      Subject Matter Jurisdiction**

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

State banks are treated as corporations for purposes of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

In this case, Regions Bank asserts that it is a citizen of Delaware and Alabama because it is a financial institution organized under Delaware law with its main office in Birmingham, Alabama. ECF. No. 1 at 2. Regions Bank asserts that Chairez is a citizen of Texas because she is domiciled in Bexar County, Texas. *Id.* Based on these allegations, there is complete diversity of citizenship between the parties.

The amount in controversy requirement is also satisfied. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Here, the Bexar County Appraisal District valued the Property at $268,010.00. ECF No. 1 at 2; ECF No. 1-1 at 2.

Because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional amount, the Court concludes that it has subject matter jurisdiction over Regions Bank's claims.

### 2.    Personal Jurisdiction

This Court also has personal jurisdiction over the parties, as Plaintiff has properly effected service of process on Chairez in accordance with Texas law. "[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 F. App'x 595, 598 (5th Cir. 2015) (per curiam). Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Pursuant to the Federal Rules of Civil Procedure, the plaintiff bears the burden of ensuring that the defendant is properly served with a copy of the summons and the complaint within ninety days of filing the complaint. *See* FED. R. CIV. P. 4(c)(1), (m).

Federal Rule of Civil Procedure 4(e)(2)(B) provides that, unless federal law states otherwise, an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(B). Ten days after filing its original complaint, Regions Bank personally served a copy of the summons on Chairez's spouse at her residence. ECF No. 9-1 at 2. The record establishes that Chairez's spouse resided at her usual place of abode and was a person of suitable age and discretion, making him a proper individual to accept service on her behalf. ECF No. 5 at 1. The Fifth Circuit has likewise recognized that service on a defendant's spouse may satisfy the requirements of Rule 4(e)(2)(B). *See Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017). Accordingly, because Regions Bank properly served Defendant within 90 days of filing the complaint, this Court has personal jurisdiction over her.

**B.      Sufficiency of the Pleadings**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept the plaintiff's well-pleaded facts as true, a defendant's default does not warrant the entry of default judgment before the Court finds a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); *see also* 10A Wright & Miller *et al.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

Thus, before a default judgment, "the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). In determining whether the pleadings present a sufficient basis for Plaintiff's claim for relief, "the Fifth Circuit has looked to the Rule 8 case law for guidance[.]" *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015).

### 1.    Regions Bank is entitled to declaratory relief

Regions Bank requests that the Court declare "it is the owner and holder of the Note and beneficiary of the Deed of Trust" and that "as owner and holder of the Note and beneficiary of the Deed of Trust, [Regions Bank] as the mortgagee is authorized to enforce the power of sale in the Deed of Trust through [nonjudicial] foreclosure of the Property." ECF No. 1 at 6. The Declaratory Judgment Act ("DJA") provides that "[i]n a case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

A district court considering a declaratory judgment action must engage in a three-step inquiry, determining: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holms County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

6

### i.    Justiciability

The DJA does not create a substantive cause of action. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Rather, "[a] declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08–CV–1658–D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 193, 194 (5th Cir. 1991)). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance*, 212 F.3d at 896 (citations omitted). "The 'actual controversy' required under 28 U.S.C. § 2201(a) 'is identical to the meaning of "case or controversy" for the purposes of Article III.'" *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997)).

In this case, Defendant defaulted on the Loan Agreement, leading Regions Bank to seek foreclosure of the Property. ECF No. 1 at 3, 6. These facts establish that an actual controversy exists. *See PennyMac Loan Servs., LLC v. Steaples*, No. 1:25-CV-00310-RP, 2026 WL 1008534, at *5 (W.D. Tex. Apr. 2, 2026), *adopted*, 2026 WL 1051626 (W.D. Tex. Apr. 17, 2026). Thus, Regions Bank's request for declaratory relief is justiciable.

### ii.    Requisite Authority

"[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Sherwin-Williams Co.*, 343 F.3d at 388 n.1 (citations omitted).

Nothing before the Court indicates the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief. *Id.* Accordingly, the Court turns to whether to exercise its jurisdiction over this declaratory judgment action.

### iii.      Propriety of Declaratory Relief

Under the third step set forth in *Orix Credit Alliance*, a district court faced with an action for declaratory relief must determine whether to exercise or decline jurisdiction.

The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors: (1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

The record shows that the Court should exercise its jurisdiction over this declaratory judgment action. There is no evidence of a parallel state court action, nor is there any indication that Regions Bank filed this action in anticipation of a lawsuit by Defendant or engaged in forum shopping. Moreover, fairness weighs in favor of granting default judgment, and a declaratory judgment would promote judicial economy, as "[Regions Bank] and the Court have already

expended time and resources in this case." *Accredited Sur. & Cas. Co., Inc. v. Landlord's Daiquiri Den*, LLC, No. 1:22-CV-591, 2023 WL 11761514, at *8 (E.D. Tex. July 26, 2023).

### 2. Regions Bank has properly pled a claim for nonjudicial foreclosure

Regions Bank seeks a declaration that it is entitled to nonjudicial foreclosure of the Property by public auction pursuant to the Loan Agreement and the Texas Property Code. ECF No. 1 at 6. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [defendants] are in default under the note and security instrument; and (4) [defendants] received notice of default and acceleration." *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

The complaint presents sufficient factual allegations to support an order authorizing nonjudicial foreclosure. First, Plaintiff has adequately alleged the existence of an outstanding debt of at least $46,762.60, ECF No. 1 ¶¶ 9, 16, and provided a copy of the Note executed by the Decedent. ECF No. 1-1 at 5. Second, Plaintiff alleges that the debt is secured by the Deed of Trust, attached as an exhibit to the complaint, which encumber the Property and creates a lien under Texas law. ECF No. 1-1 at 23. Third, Plaintiff alleges that no payments have been made on the loan since September 2024, demonstrating that Chairez is in default. ECF No. 1 ¶¶ 15, 16; *see also* ECF No. 1-1 at 33 (Notice of Default). And fourth, Plaintiff has alleged that it properly notified Chairez of her default and its intent to accelerate. *See* ECF No. 1 ¶ 15; *see also* ECF No. 1-1 at 33, 38 (copies of notices). Accordingly, Regions Bank has satisfied all the requirements for a nonjudicial foreclosure.

### 3. Regions Bank is entitled to a declaration that it has statutory probate lien against the property

9

Regions Bank also seeks a declaratory judgment that it has a statutory probate lien against the property, giving it an enforceable and superior *in rem* lien. ECF No. 1 at 6–7.

Texas Estates Code Section 101.001(b) provides "the estate of a person who dies intestate vests immediately in the person's heirs at law." TEX. EST. CODE § 101.001(b). However, that vesting is "subject to the payment of . . . the debts of the decedent." TEX. EST. CODE § 101.051(a)(1). And when a decedent's debt remains unpaid, a creditor's remedy is to "enforce a statutory lien against the property in the hands of the heirs." *Bokf, N.A. v. Logan*, No. 3:19-CV-2910-B, 2020 WL 1470803, at *4 (N.D. Tex. Mar. 26, 2020). By her default, Chairez has admitted that the Property passed to her upon the Decedent's death and that she has not satisfied the debt owed to Regions Bank. *See* ECF No. 1-1 at 33. Accordingly, Regions Bank's request for declaration of its statutory probate lien is granted.

Regions Bank also seeks to enforce the statutory probate lien through public auction. ECF No. 1 at 7. As discussed above, Regions Bank has established that it is entitled to an order authorizing nonjudicial foreclosure of the Property by public auction.

### C.    Whether default judgment is warranted

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In deciding whether to exercise its discretion to enter default judgment, the Court considers:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

10

*Lindsey*, 161 F.3d at 893.

To begin, taking all factual allegations in the complaint as true, the Court concludes that Regions Bank's allegations state a claim upon which relief can be granted, and default judgment is appropriate.

As a result, the Court concludes that the first *Lindsey* factor supports default judgment. Chairez has filed no responsive pleadings and is deemed to have admitted to the facts alleged in the counterclaim. Thus, there are no material issues in dispute. *Lindsey*, 161 F.3d at 893.

Second, Chairez's failure to answer effectively prejudices Regions Bank as it brings the legal process to a halt, causing substantial prejudice to Regions Bank. *Id.*

Third, the grounds for default are "clearly established" since, throughout this case, Chairez has not responded to the complaint or Regions Bank's motion. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (explaining that default judgment is appropriate where the defendants are unresponsive and the failure to respond is willful, as reflected by the parties' failure to respond to the complaint or the motion for default judgment).

Fourth, there is no evidence before the Court suggesting that Chairez's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Chairez has had almost five months to respond to Regions Bank's complaint or otherwise appear in this matter. Any purported harshness of a default judgment is mitigated by Chairez's inaction for this time period. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018).

Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Chairez. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that it is appropriate to exercise its discretion to grant default judgment

11

**D.      Attorneys' Fees**

Region's Bank also seeks attorneys' fees under the Note and Deed of Trust. ECF No. 1 at 8. In general, the DJA does not independently authorize an award of attorneys' fees. *See Mercantile Nat. Bank at Dallas v. Bradford Tr. Co.*, 850 F.2d 215, 218 (5th Cir. 1988); *Self-Ins. Inst of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995). However, "because the Fifth Circuit has characterized foreclosure as a 'contractual remedy,' . . . courts may award attorneys' fees in connection with nonjudicial foreclosure where . . . the mortgage agreement provides for the recovery of such fees." *Wells Fargo Bank, Nat'l Ass'n v. Fuentes*, No. SA-24-CV-01132-XR, 2025 WL 2946624, at *5 (W.D. Tex. July 18, 2025).

The Loan Agreement entitles Regions Bank to attorney's fees and costs. ECF No. 1-1 at 6, 21. The Note states that "the Note holder will have the right to be paid back by [the borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees." *Id.* at 6. The Deed of Trust likewise states "Lender shall be entitled to collect all expenses incurred in pursuing [its] remedies [upon default], including but not limited to, reasonable attorney's fees . . . ." *Id.* at 21.

Because it is permitted in the Loan Agreement, Regions Bank is entitled to its reasonable attorneys' fees pursuant to its claim for nonjudicial foreclosure. *See TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016).

Regions Bank shall file a separate application for attorneys' fees, no later than 14 days after entry of judgment, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement.

12

## CONCLUSION

Accordingly, Plaintiffs' Motion for Default Judgment (ECF No. 9) is **GRANTED**. A final judgment in favor of Plaintiff shall issue in accordance with Rule 58.

Plaintiff is awarded costs and shall file a bill of costs in the form required by the Clerk of the Court, with supporting documentation, within fourteen days of the entry of the judgment. *See* Local Rule 54.

It is so **ORDERED**.

**SIGNED** this 7th day of July, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE